STATE OF CONNECTICUT *v.* LAWRENCE N. McCRACKEN

REVIEW DIVISION OF THE SUPERIOR COURT

Decided April 4, 1967

*Thomas F. McGarry,* of New London, court-appointed attorney, for the defendant.

*C. Robert Satti,* assistant state's attorney, for the state.

BY THE DIVISION. The defendant, aged forty-eight, pleaded guilty to the second, tenth, eighteenth, twentieth, twenty-second, twenty-sixth and twenty-eighth counts of an information. The second and tenth counts charged violations of § 53-76 of the General Statutes. Section 53-76, which concerns the crime of breaking and entering with criminal intent, prescribes a penalty of imprisonment for not more than four years. The eighteenth count charged a violation of § 53-63, the charge being larceny "over $250.00 but less than $2,000." The penalty prescribed by § 53-63 for this crime is imprisonment for not more than five years or a fine of not more than $500 or both. The twentieth count charged a violation of § 53-81, which concerns wilful damage to a private building. The penalty prescribed by § 53-81 is a fine of not more than $500 or imprisonment for not more than one year or both. The twenty-second count charged a violation of § 53-63, the charge being "larceny of dynamite valued at over $15.00 but less than $250.00." The penalty prescribed by § 53-63 for this crime is a fine of not more than $200 or imprisonment for not more than six months or both. The twenty-sixth and twenty-eighth counts charged violations of § 53-80. Section 53-80, which concerns explosives intended for injury of person or property, prescribes as a penalty a fine of not more than $5000 or imprisonment for not more than twenty years or both.

On the twenty-sixth count, the court imposed a sentence to the state prison for not less than ten years nor more than twelve years; on the twenty-

eighth count, two years; on the second count, one year; on the tenth count, one year; and on the eighteenth count, one year. Judgment on the twentieth and twenty-second counts was suspended. Thus, the sentences imposed by the court made for a total effective sentence of not less than ten years nor more than seventeen years in the state prison.

As noted, the court imposed a sentence of not less than ten years nor more than twelve years on the twenty-sixth count. This concerned an incident that occurred on September 6, 1965, when this defendant and his codefendant went to the home of one Leitkowski, a detective on the Connecticut state police force, with a bomb fashioned from stolen dynamite. The defendant's companion, following the defendant's instructions, had made this bomb by inserting a cherry bomb into a stick of dynamite and then by tying this stick together with two more sticks of dynamite. Upon their arrival at Leitkowski's home, the defendant directed his codefendant to place the bomb in the cellar of the home, but the codefendant refused. The defendant then instructed his companion to place the bomb under Leitkowski's state police cruiser, which was parked outside the home. The companion agreed, but placed it under an old boat. The bomb was then left there with a lighted cigarette on the fuse, and the defendant and his companion drove off. The bomb exploded and caused considerable damage to Leitkowski's home.

The second count involved a break by the defendant and his codefendant on the evening of June 17, 1964, into a storage shed in a New London cemetery, at which time a water pump was stolen. The pump was recovered at the defendant's home. The tenth count involved an incident on December 16, 1964, when the defendant and his codefendant smashed a plate glass window in a New London television

store and grabbed two television sets that were on display. One of these sets was recovered in the defendant's home. The eighteenth count involved an incident that occurred on August 13, 1965, when the defendant and his codefendant broke into a storehouse in Ledyard and stole tools, ammunition and building supplies of a value of $514.75. Ammunition, tools and building supplies from this break, valued at $280, were recovered at this defendant's home.

The court suspended judgment on the twenty-second count. This count involved a break by this defendant and his codefendant on or about August 24, 1965, into a dynamite storage magazine located on the site of a construction job, where they stole a case of dynamite and a roll of primer cord.

The twenty-eighth count involved circumstances that occurred on or about September 6, 1965, when this defendant and his codefendant took three sticks of the stolen dynamite and fashioned a bomb, using a cherry bomb for a detonator. The defendant told his companion to place the bomb under a bridge in the Groton reservoir. This was done with a cigarette lighted on the fuse of the firecracker. The latter exploded but failed to detonate the dynamite. The two retrieved it and remade the bomb, and it was again placed under the bridge with a lighted cigarette on the fuse of the firecracker. A few minutes later, after the two had returned to this defendant's home, the bomb exploded and did considerable damage to the bridge.

The crimes for which this defendant was sentenced and is now in state prison display criminality of the highest degree. They show not only a startling disregard for the property of others but a reckless rejection of the probable consequences of these crimes to the lives and property of others. To

chronicle them in more detail only leads more inevitably to the conclusion of the propriety of the sentence imposed.

The sentence is proper, fair, and just.

PALMER, HEALEY and BARBER, Js., participated in this decision.